IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 11, 2007

**STATE OF TENNESSEE v. JEFFREY LEE FIELDS**

**Direct Appeal from the Circuit Court for Carroll County**
**No. 05CR122     C. Creed McGinley, Judge**

_____

**No. W2006-01378-CCA-R3-CD  - Filed February 12, 2008**
_____

The defendant, Jeffrey Lee Fields, appeals the order declaring him a motor vehicle habitual offender (MVHO) by default judgment.  He contends, and the State agrees, that the Rules of Civil Procedure were not followed regarding service of process, notice of hearing, notice of default judgment, notice of entry and service of judgment.  Further, he contends there were insufficient convictions to support a judgment declaring him a motor vehicle habitual offender.  After review, we conclude that a conviction on appeal is a final conviction for the purpose of determining MVHO status; however, because the proper procedures were not followed in obtaining the judgment declaring the defendant a motor vehicle habitual offender, it should be vacated.

**Tenn. R. App. P. Appeal as of Right; Judgment of the Circuit Court Vacated**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and ALAN E. GLENN, JJ., joined.

Benjamin S. Dempsey, Huntingdon, Tennessee, for the appellant, Jeffrey Lee Fields.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Hansel J. McCadams, District Attorney General; and Stephen D. Jackson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The case involves a default judgment taken, declaring the defendant a motor vehicle habitual offender.  This appeal was taken directly from the entry of the default judgment.

The Rules of Civil Procedure apply to proceedings under the Motor Vehicle Habitual Offender Act.  Tenn. Code Ann. § 55-10-601.  As the State concedes, the defendant was not properly served with the petition and show cause order and received no notice of a hearing date, no notice of default judgment date, and no notice of entry and service of judgment.  Failure to follow the proper procedure demands that the judgment be vacated.

Upon the filing of a petition by the State to declare an individual a MVHO, a trial court shall make an order directing the named individual to appear before the court to show cause why he or she should not be barred from operating a motor vehicle. See Tenn. Code Ann. § 55-10-608(a). The trial court shall order the defendant to appear before it on a certain date and time, not less than thirty days after the date of service of the petition and order. See Tenn. Code Ann. § 55-10-608(b). A copy of both the petition and the order shall be served on the named individual. See Tenn. Code Ann. § 55-10-609.

Despite the failure to properly serve the defendant, a default judgment was entered against him on June 6, 2006.

> Before taking a default judgment, Tennessee Rule of Civil Procedure 55.01 requires that: [a]ll parties against whom a default judgment is sought shall be served with a written notice of application for judgment at least five days before the hearing on the application, regardless of whether the party has made an appearance in the action.

No such notice was served on the defendant in the instant case.

Finally, as to this issue, there is no record that the default judgment, as entered, was served upon the defendant. Tennessee Rule of Civil Procedure 58 provides three ways to enter judgment: 1) the judge's signature and the signatures of all the parties or counsel; or 2) the judge's signature, the signature of one party or counsel and a certificate of the clerk that a copy of the proposed order has been served on the other parties or counsel, or 3) the judge's signature and a certificate of the clerk that a copy has been served on all other parties or counsel. In this case, the judgment was signed by the trial judge and the Assistant District Attorney but was not signed by the defendant or the defendant's counsel. Nor is there a certificate of the clerk indicating that a copy of the proposed order was served on the defendant or his counsel.

Further, the defendant claims that one of his convictions was not a final conviction and, therefore, could not be used to support the MVHO judgment.

The State and defendant agree that the convictions for driving under the influence (DUI) and driving with a cancelled, suspended license were committed on November 4, 2001, and can only count as one conviction pursuant to Tennessee Code Annotated section 55-10-604(b). The defendant also has an additional conviction for DUI on September 27, 2001, which is uncontested.

The defendant contends that the August 22, 2005 DUI conviction was not final at the time the court considered the petition and entered the order because it was on appeal. The defendant's direct appeal of his August 22, 2005, DUI conviction was, in fact, affirmed on April 5, 2007. See State v. Jeffrey Lee Fields, No. W2005-02128-CCA-R3-CD, 2007 WL 1028640, at *1 (Tenn. Crim. App. Apr. 5, 2007).

The question is whether a conviction on appeal may be considered as a final conviction and appropriate for the trial court to consider when determining MVHO status. The answer is found in State v. Sneed, 8 S.W.3d 299 (Tenn. Crim. App. 1999), a case dealing with the identical question.

In <u>Sneed</u>, this court held that a conviction on appeal counted as a final conviction for determination of MVHO status.  We cannot distinguish the facts in the instant case from those in <u>Sneed</u>.

Conclusion

For the reasons heretofore stated, the judgment declaring the defendant a motor vehicle habitual offender is vacated.

_____
JOHN EVERETT WILLIAMS, JUDGE